UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KWAN CHUEN CHIEH (wife of/and) KIN TAK CHIEH | CIVIL ACTION |
| VERSUS | NO: 06-8205 |
| COLONY INSURANCE COMPANY; J. EVERETT EAVES, INC. | SECTION: J(4) |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand Action to State Court (Rec. Doc. 5)**. This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

**Background Facts**

Plaintiffs, the owners of commercial property that was damaged by Hurricane Katrina, sued Colony Insurance Company ("Colony") and J. Everett Eaves, Inc. ("J. Everett") in the 22nd Judicial District Court for the Parish of St. Tammany. Colony is the insurer, and J. Everett is the insurance broker/agency that facilitated the placement of Plaintiffs' commercial property insurance coverage by Colony.  Plaintiffs allege that Colony,

whose principal place of business is in Virginia, did not fully and justly compensate them for damages sustained to their property as a result of Hurricane Katrina.  Plaintiffs further claim that J. Everett, which is incorporated in Louisiana, breached its duty to secure adequate coverage for the property in question, negligently failed to select an insurer who would provide adequate insurance coverage, negligently failed to use reasonable diligence to ensure that coverage in a adequate amount was procured for the premises, and misrepresented to Plaintiffs that adequate coverage for the premises had been procured. (See Petition, ¶¶ 26 - 36).  Plaintiffs further claim that J. Everett's actions warranted their assumption that adequate coverage and proper insurance had been obtained for the premises. (See Petition, ¶ 37).

Defendants removed the matter to this Court based on diversity jurisdiction (Defendants assert that J. Everett was improperly joined to defeat such jurisdiction), and on jurisdiction under the Multiparty Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369.

## Arguments of the Parties

Plaintiffs assert that diversity jurisdiction does not exist because the parties are not diverse.  In support of this assertion, Plaintiffs argue that J. Everett was not improperly joined.  First, Plaintiffs argue that their claims against J. Everett are not prescribed based on Louisiana Revised Statute

9:5605.  Plaintiffs further claim that their claims against J. Everett have not been perempted by La. Rev. Stat. 9:5606 because the action was brought within the three year peremption provision within the statute.  Plaintiff assert that Colony failed to undertake a reasonable investigation before making this allegation, in violation of Rule 11.  Plaintiffs also claim that certain allegation included in their Petition allege fraud within the scope of Louisiana Civil Code article 1953 on the part of J. Everett, in that it allegedly induced Plaintiffs to believe that they had "adequate coverage."  Plaintiffs assert that their claims against J. Everett did not accrue until they discovered its negligent acts/omissions, which was discovered after Hurricane Katrina.  Additionally, Plaintiffs argue that they have stated a valid state law claim against J. Everett.

    Plaintiffs also assert that there is no jurisdiction under the MMTJA based on numerous rulings from this Court. Last, Plaintiffs claim that Defendants should be sanctioned for what they allege to be an improper removal.

    In opposition, Colony claims that J. Everett was improperly joined, and that as such, its citizenship should not be used for purposes of determining diversity. Colony asserts that Plaintiffs cannot prevail on a claim against J. Everett because such a claim is perempted by La. Rev. Stat. 9:5606.  J. Everett's discovery responses reveal that it advised Plaintiff that the amount of insurance he purchased on the commercial property was not

sufficient insurance to cover the full value of the building. It is alleged that Plaintiffs knowingly chose to underinsure the building to lower their premiums. It is also alleged that the policy placed by J. Everett with Colony met the requirements specified by Plaintiff. Colony claims Plaintiffs are deemed to have known the policy terms more than one year before they filed suit.

Colony also asserts that the MMTJA subjects this lawsuit to federal court jurisdiction.

In further support of its motion to remand, Plaintiffs claim that they did not discover they were underinsured until February of 2006, so their claim was well within the one year peremption period in La. Rev. Stat. 9:5606. However, this Court will not address this assertion further as it finds Plaintiffs cannot state a claim against J. Everett on another basis.

## Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir. 1996). Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir.1995). Because it is presumed that a federal court lacks jurisdiction until such

jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. <u>Dobson v. Spiliada Maritime Corp.</u>, 951 F.2d 40 (5th Cir.1992).

Ordinarily when a non-diverse party is properly joined as a defendant, a defendant may not remove based on diversity jurisdiction. However, a defendant may remove by showing that the non-diverse party was improperly joined. <u>Smallwood v. Il. Cent. R.R. Co.</u>, 352 F.3d 220, 222 (5th Cir.2003). The burden of demonstrating improper joinder is a heavy one. <u>Id.</u> It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 461 (5th Cir.2003). When a defendant alleges that a plaintiff is unable to state a claim against the non-diverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. <u>Id.</u> at 462-63. In other words, there must be a reasonable possibility of recovery. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." <u>Travis v. Irby</u>, 326 F.3d 644, 649 (5th Cir.

2003). In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. Id.

This Court concludes that Plaintiff can state no cause of action against J. Everett. Specifically, as Judge Vance recently noted in Dobson v. All State Ins. Co., 2006 WL 2078423, *10 (E.D. La.), no cases impose a duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage. Plaintiff's claims against J. Everett consist of those types of allegations. In Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199, 205 (5th Cir. 1990), the Fifth Circuit noted, "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." This Court also finds that Plaintiffs have not alleged their "fraud" claims against J. Everett with enough specificity so as to maintain them.

Therefore, because there is no viable cause of action against J. Everett (the only non-diverse Defendant), its citizenship should not be considered for purposes of removal. This Court need not address the parties' prescription and preemption arguments as it finds no cause of action exist. This motion to remand should be denied, and J. Everett should be dismissed.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Remand Action**

**to State Court (Rec. Doc. 5)** should be and hereby is **DENIED.**

    **IT IS FURTHER ORDERED** that Plaintiff's claims against J. Everett Eaves, Inc. are hereby **DISMISSED.**

    New Orleans, Louisiana this the 27th day of November, 2006.

                                             CARL J. BARBIER
                                             UNITED STATES DISTRICT JUDGE